**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4041**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ERIC O. JONES,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:10-cr-00228-D-1)

---

Submitted: September 28, 2012     Decided: October 18, 2012

---

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a six-day jury trial, Eric Omar Jones was convicted of conspiracy to commit bank fraud and to make false statements to influence a bank's lending decisions, in violation of 18 U.S.C. § 371 (2006); fifteen counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344, 2 (2006); and two counts of making false statements to influence a bank's lending decisions and aiding and abetting, in violation of 18 U.S.C. §§ 1014, 2 (2006). The district court sentenced Jones to 151 months' imprisonment, consisting of 60 months on the conspiracy count and 151 months on the substantive counts, to be served concurrently. The court further imposed a five-year term of supervised release and ordered Jones to pay $142,145.85 in restitution.[1] This timely appeal followed.

In his opening brief, Jones raises two challenges to the calculation of his Sentencing Guidelines range. First, Jones argues, the district court erred in determining the amount of loss attributable to him for sentencing purposes. Second, Jones contends, the district court erred in applying a four-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2011), based on his role as a leader or

_____

[1] Jones does not challenge the restitution amount or the district court's methodology for calculating that amount.

2

organizer of the underlying fraud conspiracy.  For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  In reviewing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo.  United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).  This court will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed."  United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and brackets omitted).

With regard to the first appellate contention, the Government posits that Jones' challenge to the loss amount reflects his misunderstanding of the district court's Guidelines calculations.  The Government explains that Jones' base offense level was driven not by the calculated loss amount, but rather by the finding that Jones personally derived more than $1 million in gross receipts from his fraud.  See USSG § 2B1.1(b)(15)(A), (D).  And because Jones does not contest this aspect of the Guidelines calculation, the Government contends, Jones has waived appellate review of that determination.

In his reply brief, Jones concedes that the loss amount was not determinative of his sentence,[2] as our review of the record confirms. Given that Jones has failed to raise any argument relevant to the district court's finding that he personally derived more than $1 million in gross receipts from the fraud, we readily conclude that Jones has waived appellate review of this issue. See United States v. Palacios, 677 F.3d 234, 244 n.5 (4th Cir.) (explaining that the defendant waived a particular argument by not raising it in his opening brief), cert. denied, 2012 WL 1566196 (U.S. Oct. 1, 2012) (No. 11-10137); see also Fed. R. App. P. 28(a)(9)(A).

Turning to Jones' second appellate contention, the Government argues that there was no clear error underlying the district court's imposition of a four-level leadership enhancement, given the extensive evidence of Jones' directorial and organizational role in the fraud. We agree and hold that the district court's factual determination that Jones was an organizer or leader of the scheme is not clearly erroneous. See United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011) (explaining that, if the district court's interpretation of the evidence is plausible, this court will not reverse).

---

[2] We reject Jones' suggestion in his reply brief that we should nonetheless review the loss calculation because that issue may be relevant in a later proceeding.

In determining a defendant's leadership and organizational role, sentencing courts must consider seven factors:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4. The district court evaluated all of these factors in applying the four-level role enhancement here. The trial evidence established that Jones developed and executed the bank fraud scheme, directed his co-conspirators' conduct, and took a far greater portion of the fraudulently obtained proceeds. Thus, it was not clearly erroneous for the district court to find that a four-level enhancement was warranted. See Thorson, 633 F.3d at 319-20 (explaining that the sentencing court's determination that the defendant was "the architect of a large portion of this scheme" was enough, in and of itself, to support the organizer enhancement (internal quotation marks omitted)).

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED